ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| REFRICENTRO, INC. Y OTROS<br><br>Apelada<br><br>v.<br><br>JOSÉ C. HERNÁNDEZ GARCÍA Y OTROS<br><br>Apelante | **KLAN202400436** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm. SJ2022CV06221<br><br>Sobre: Injuntion |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 14 de noviembre de 2024.

Comparece ante este foro el Sr. José Hernández García, el Sr. Frank Palacio Rodríguez, el Sr. Carlos Vento Torres, el Sr. Luis Lago Marrero y Refricentro, Inc. ("los apelantes") y nos solicitan que revoquemos una *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 22 de febrero de 2024. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la *Moción de Consignación* y la *Solicitud de Desestimación de Reconvención* que presentó Oriental Bank (Oriental o "apelado")

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** la *Sentencia* apelada.

## I.

El 14 de julio de 2022, Oriental presentó una *Demanda de Interpleader* bajo el número SJ2022CV06221, en contra de los apelantes, el Sr. Javier Hernández, la Sra. Martha Padrón Hernández (señora Padrón), el Sr. Cirilo Hernández Hernández, Cirilo Hernández Hernández

Número Identificador

SEN2024 _____

LLC y el Lcdo. Pedro Arvesú López (licenciado Arvesú).[1] Alegó que, Refricentro tenía la cuenta núm. 114003672 en el banco con un balance de millones de dólares. Además, arguyó que el 5 de julio de 2022, recibió una carta suscrita por el licenciado Arvesú en la cual se identificó como el nuevo presidente de Refricentro, toda vez que celebraron una asamblea de accionistas y eligieron a los nuevos directores de la compañía. Mediante dicha carta, identificó a la señora Padrón como vicepresidenta, al Sr. Javier Hernández como secretario y al Sr. Iván García como subsecretario de Refricentro.

A su vez, esbozó que el 11 de julio de 2022, recibió otra carta del Lcdo. Edilberto Berríos Pérez y el Lcdo. Fernando Longo Quiñones en la cual explicaron que existían múltiples pleitos judiciales en los cuales se disputaba quienes eran los legítimos directores de Refricentro. Adujo que, los licenciados imputaron a Oriental haber realizado un cambio de personas autorizadas en la cuenta de Refricentro y, que dicha alegación no era cierta. Sostuvo que en el caso *Refricentro, Inc. y otros v. José C. Hernández García y otros*, alfanumérico SJ2022CV02075, el foro primario indicó que se desconocía quienes eran los miembros de la junta de directores de Refricentro y, que le correspondía al Tribunal dilucidar dicha controversia. Por todo lo anterior, invocó la figura de *interpleader*, toda vez que existía controversia con relación a quiénes tenían derecho a utilizar los fondos depositados en la cuenta núm. 114003672 y, solicitó al foro primario que aceptara la consignación de los fondos.

---

[1] *Demanda*, Anejo I, págs. 1-17 del apéndice del recurso.

En respuesta, el 25 de agosto de 2024, Cirilo Hernández Hernández LLC, el Sr. Cirilo Hernández Hernández, la señora Padrón y el Sr. Javier Hernández presentaron su *Contestación a la Demanda de las Partes Codemandadas Cirilo Hernández-Hernández, LLC; Cirilo C. Hernández-Hernández, Martha M. Padrón-Hernández y Javier Hernández* en la cual aceptaron la mayoría de las alegaciones.[2] A su vez, solicitaron que se aceptara la consignación de Oriental.

Por su parte, el 29 de septiembre de 2022, los apelantes presentaron su *Contestación a la Demanda y Reconvención*, *Demanda Contra Coparte y Demanda Contra Terceros Indispensables* en la cual negaron la mayoría de las alegaciones.[3] Entre sus defensas afirmativas argumentaron que no era de aplicación la figura de *interpleader*. En cuanto a la *Reconvención*, señalaron que en el caso SJ2022CV02075, el foro primario notificó una *Resolución* el 31 de mayo de 2022, en la cual negó reconocer al licenciado Arvesú y otros, como miembros de la Junta de Directores de Refricentro.[4] Por ello, insistieron que el Sr. Cirilo Hernández Hernández, la señora Padrón, el Sr. Javier Hernández, el licenciado Arvesú y la Sra. Irma Arvesú nunca fueron accionistas de Refricentro. Asimismo, esgrimieron que Oriental incumplió con sus obligaciones y privaron a Refricentro de su capital.

---

[2] *Contestación a la Demanda de las Partes Codemandadas Cirilo Hernández-Hernández, LLC; Cirilo C. Hernández-Hernández, Martha M. Padrón-Hernández y Javier Hernández,* Anejo II, págs. 99-124 del apéndice del recurso.
[3] *Contestación a la Demanda y Reconvención,* Anejo III, págs. 128-511 del apéndice del recurso.
[4] El 27 de junio de 2022, la Sucesión Arvesú Gasset acudió ante nos mediante una *Petición de Certiorari*, alfanumérico KLCE202200675 e impugnó la *Resolución* notificada el 31 de mayo de 2022. El 30 de junio de 2022, este foro apelativo denegó dicho recurso.

En la *Demanda Contra Coparte y Demanda Contra Terceros Indispensables*, plantearon falta de parte indispensable de la Sra. Teresa López y el Sr. Cirilo Hernández Hernández, quienes estaban incapacitados legalmente, los fideicomisos y fideicomisos testamentarios del licenciado Arvesú, las esposas de los apelantes y las sociedades legales de gananciales compuesta por estos. Posteriormente, el 11 de octubre de 2022, el licenciado Arvesú presentó su *Contestación a Demanda de la Parte Codemandada Pedro Arversú López* en la cual aceptó algunos hechos y negó otros.[5]

Tras varios trámites procesales, el 25 de enero de 2023, Oriental presentó una *Demanda Enmendada de Interpleader* a los fines de incluir al Sr. Pedro Arvesú Gasset, al Sr. Antonio Hernández Hernández, su esposa y la sociedad legal de gananciales compuesta por ambos, al fideicomiso Javier Hernández, al Sr. Julio Rodríguez, su esposa y la sociedad legal de gananciales compuesta por ambos, al Sr. Esteban Barrera, su esposa y la sociedad legal de gananciales compuesta por ambos, la sucesión Francisco Palacio y al Sr. Carlos Hernández, su esposa y la sociedad legal de gananciales compuesta por ambos.[6]

Sin embargo, el 30 de enero de 2023, el foro primario notificó una *Orden* en la cual declaró *No Ha Lugar* a la *Demanda Enmendada*.[7] Además, hizo referencia a la *Orden* del 6 de diciembre de 2022 y la *Orden* del 27 de enero de 2023. En la *Orden* del 6 de diciembre de 2022, el foro primario resolvió lo siguiente:

---

[5] *Contestación a Demanda de la Parte Codemandada Pedro Arversú López*, Anejo VI, págs. 520-525 del apéndice del recurso.
[6] *Demanda Enmendada de Interpleader,* Anejo XI, págs. 586-595 del apéndice del recurso.
[7] *Véase*, entrada núm. 48 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

> Nada que disponer. Parte demandante, el Tribunal en el caso SJ2022CV02075 el Tribunal está atendiendo la necesidad de que el Banco pague los cheques que Refricentro interesa emitir para hacer pagos. La autorización de pago del banco compareciente se hace mediante orden discutida por todas las partes en corte abierta. Ello resuelve el reclamo del Banco aquí demandante.[8]

A su vez, en la *Orden* del 27 de enero de 2023, el foro primario dispuso que:

> Nada que disponer. Véase Orden de 6 de diciembre de 2022. **Está obligando a este Tribunal a doblar esfuerzos. En el caso SJ2022CV02075 se está atendiendo la situación que aquí plantea el demandante.** (Énfasis nuestro).[9]

Así las cosas, el 8 de junio de 2023, se consolidó la *Demanda* de epígrafe con el pleito principal *Refricentro, Inc.; Pedro Arvesú Gasset; Pedro Arvesú López; Cirilo Hernández Hernández, LLC; Cirilo C. Hernández Hernández; Martha M. Padrón-Hernández; Javier Hernández v. José Cirilo Hernández García; Frank Palacio Rodríguez; Carlos M. Vento Torres; Luis E. Lago-Marrero, Oriental Bank y Refricentro, Inc;* et al, alfanumérico SJ2022CV02075.[10] Luego, el 18 de septiembre de 2023, el foro primario notificó una *Orden* en la cual consolidó el caso SJ2022CV06221 y el SJ2022CV02075 con el caso SJ2023CV04301.[11]

El 17 de julio de 2023, Oriental presentó una *Moción sobre Consignación y Solicitud de Desestimación de Reconvención*.[12] En síntesis, arguyó que Oriental no podía responderles a los apelantes, toda vez que estaba pendiente de adjudicación la determinación sobre quiénes eran los miembros de la Junta de Directores de

---

[8] *Véase*, entrada núm. 45 del SUMAC.
[9] *Véase*, entrada núm. 49 del SUMAC.
[10] *Véase*, entrada núm. 357 del SUMAC.
[11] *Véase*, entrada núm. 387 del caso SJ202CV02075 del SUMAC.
[12] *Moción sobre Consignación y Solicitud de Desestimación de Reconvención,* Anejo XII, págs. 686-692 del apéndice del recurso.

Refricentro. Apuntó que, tampoco existía una determinación con relación a quiénes estaban autorizados a retirar fondos y llevar a cabo transacciones en la cuenta. Por tal motivo, razonó que los apelantes no tenían derecho a la concesión de un remedio por parte de Oriental. En virtud de lo anterior, solicitó se aceptara la consignación, los liberara de responsabilidad y desestimara la *Reconvención*.

En desacuerdo, el 28 de agosto de 2023, los apelantes presentaron su *Moción en Oposición a Aceptación de Consignación y en Oposición a Desestimación de Reconvención*.[13] En esencia, reiteraron que se mantenían como oficiales de Refricentro. Además, enfatizaron que de los hechos alegados en la *Reconvención* surgía que Oriental actuó en contravención a las obligaciones contractuales con Refricentro, por lo que les causó daños. Así pues, razonó que no procedía la consignación de los fondos ni la desestimación de la *Reconvención*. El 21 de septiembre de 2023, Oriental presentó su *Réplica a Moción en Oposición*.[14]

Evaluadas las mociones y argumentos de las partes, el 22 de febrero de 2024, el foro primario notificó la *Sentencia Parcial* apelada.[15] En lo pertinente, realizó las siguientes determinaciones de hechos:

1. El 5 de julio de 2022, Oriental Bank recibió una carta de parte del señor Pedro Arvesú López, con el asunto "Notificación de Nueva Junta de Directores Cuenta Núm. 114003672". En dicha misiva, la cual estaba acompañada de un Consentimiento Escrito de la Mayoría de Acciones Refricentro, Inc., el señor Arvesú informó, entre otros asuntos, la composición de una alegada nueva Junta de Directores de Refricentro, y notificó que "Pedro Arvesú López, como Presidente de Refricentro, Inc.,

---

[13] *Moción en Oposición a Aceptación de Consignación y en Oposición a Desestimación de Reconvención*, Anejo XIII, págs. 693-703.
[14] *Réplica a Moción en Oposición,* Anejo XIV, págs. 704-710.
[15] *Sentencia*, Anejo XV, págs. 711-721 del apéndice del recurso.

es la única persona autorizada a girar fondos contra la Cuenta Núm. 114003672".

2. El 11 de julio de 2022, Oriental Bank recibió, a través de los licenciados Edilberto Berríos Pérez y Fernando Longo Quiñones, una comunicación en la que se informó la existencia de pleitos judiciales donde se disputaba quiénes son los legítimos directores y oficiales de Refricentro. Además, dicha carta hacía referencia a una Resolución emitida por el Tribunal de Apelaciones en el caso número KLCE202200675. En su escrito los licenciados concluyeron que la Resolución del foro apelativo denegó la solicitud del señor Arvesú de ser reconocido como Presidente de Refricentro, así como los demás miembros de quien éste alega constituyen la Junta de Directores de la corporación. Finalmente, la misiva reconoce a alegados "actual directors", los cuales aparentan ser los Reconvinientes José Cirilo Hernández García, Frank Palacio Rodríguez, Carlos M. Vento Torres, Luis E. Lago Marrero.

3. En la carta suscrita a Oriental Bank el 11 de julio de 2022 por los licenciados Edilberto Berríos Pérez y Fernando Longo Quiñones, entre otros documentos, se incluyó copia de una Resolución del Tribunal de Apelaciones en el caso KLCE202200675.

4. Por medio del recurso de certiorari (KLCE202200675), los miembros de la Sucesión del Sr. Pedro Arvesú Gasset cuestionaron la Resolución emitida el 31 de mayo de 2022 por la Sala Especializada de Recursos Extraordinarios de este Tribunal. En la referida Resolución, se ordenó el traslado del caso a esta sala ordinaria para que dilucidara varias controversias que aún estaban pendientes, entre las que se encontraba quiénes son, en efecto, los accionistas y los directores de Refricentro. Así fue recogido en la Resolución:

> Los Demandantes le solicitan a este Tribunal que ratifique que la Reunión de Accionistas que se llevó a cabo en marzo del 2022 y, por ende, los declare oficiales de la corporación. Por su parte, los Demandados entienden que las reuniones de accionistas que se han llevado a cabo son contrarias al Reglamento de la corporación y contrarias a derecho. Nos parece claro que existe una controversia sobre quiénes, en efecto, son los oficiales de la corporación y quienes pueden actuar a nombre de esta. Los Demandantes nos solicitan que resolvamos la controversia, aun cuando existe otro caso en el cual se está ventilando la misma controversia sobre quiénes son los oficiales.

Por lo tanto, entendemos que procede que este caso se continúe ventilando en la vía ordinaria. Debemos recordar que esta es una sala especializada que atiende recursos extraordinarios. Aunque, como sabemos, debemos tomar las alegaciones como ciertas, existe una interrogante que se está ventilando en otra sala en el proceso ordinario y que se debe resolver en primer lugar antes de que este Tribunal pueda ordenar el acceso a los libros corporativos. O sea, este Tribunal no puede ordenar al demandante en este caso, Refricentro, a que le de acceso a los libros a los mismos Demandantes. Esto sería un contrasentido puesto que una acción para acceso a los libros se presenta por un accionista contra la corporación. En adición a esto, si los Demandantes en este caso son victoriosos en el otro caso, pues no existiría la controversia sobre el acceso a los libros. Es por todo lo anterior que entendemos que la solicitud presentada es prematura.

5. El foro apelativo evaluó la determinación emitida el 31 de mayo de 2022 y el 30 de junio de 2022 emitió una Resolución por medio de la cual denegó expedir el auto de certiorari.

En vista de las determinaciones de hechos formuladas, el foro primario reiteró que existía controversia respecto a la composición de los miembros de la Junta de Directores de Refricentro, la cual estaba pendiente de adjudicación. De igual forma, determinó que, si Oriental desembolsaba los fondos, la parte opuesta reclamaría el desembolso sin autorización. Ello, colocaba a Oriental en un estado de indefensión, lo cual era subsanable mediante la figura de *interpleader*.

Por otra parte, el foro primario aclaró que la *Resolución* que se emitió el 31 de mayo de 2023, y la denegatoria de la expedición del auto de *certiorari*, alfanumérico KLCE202200675, por parte del Tribunal de Apelaciones, se desprendía que el Tribunal advirtió que existía controversia en cuanto a quiénes eran los

miembros de la Junta de Directores de Refricentro. Señaló que, en la *Reconvención*, los apelantes no presentaron argumentos que justificaran alguna presunción de que estos eran los miembros legítimos de Refricentro. Por tanto, la *Reconvención* no exponía una reclamación que justificara la concesión de un remedio a favor de los apelantes.

Cónsono con lo anterior, el foro primario concluyó que la *Demanda de interpleader* era el recurso adecuado para proteger los derechos de Oriental ante la posibilidad de reclamaciones contradictorias. De otra parte, concluyó que los apelantes actuaron con temeridad al presentar la *Reconvención* y al mantener una posición que no era coherente con las determinaciones anteriores del Tribunal. Enfatizó que, los apelados intentaron inducir a error a Oriental para obtener el desembolso de los fondos bajo una autoridad que se encontraba pendiente de adjudicación. Además, presentaron una *Reconvención* sin fundamento y, con sus actuaciones encarecieron el costo litigioso. Ante este escenario, el foro primario les impuso a los apelantes la suma de $10,000 en honorarios por temeridad.

Así pues, el foro primario declaró *Ha Lugar* la *Demanda* de epígrafe y *Moción Sobre Consignación y Solicitud de Desestimación de Reconvención* presentadas por Oriental. Asimismo, aceptó la consignación realizada por Oriental. Cónsono con lo anterior, liberó a Oriental de toda obligación respecto a los fondos consignados. Por todo lo anterior, desestimó con perjuicio la *Reconvención*.

Inconforme, el 8 de marzo de 2024, los apelantes presentaron una *Moción en Solicitud de Reconsideración*

en el cual reiteraron sus planteamientos iniciales.[16] Esbozaron que, Oriental admitió que no incluyó partes indispensables, por lo que el foro primario carecía de jurisdicción para atender sus reclamos. Además, apuntaron que no procedía desestimar la reconvención, ni consignar los fondos, ya que Oriental cerró todas las cuentas de la corporación, privándole de acceso a su capital. De igual forma, indicaron que Oriental no solicitó la imposición de honorarios por temeridad.

En respuesta el 12 de marzo de 2024, Oriental presentó su *Oposición a Moción en Solicitud de Reconsideración*.[17] Adujo que, presentó la *Demanda Enmendada* a los fines de incluir a las partes indispensables. A su vez, resaltó que el pleito de epígrafe se consolidó con los casos SJ2022CV02075 y SJ2023CV04301 en el cual ya estaban todos los accionistas de Refricentro. Destacó que, los apelantes no lograron identificar las partes indispensables a las que hicieron referencia en su moción de reconsideración. Por último, argumentó que los apelantes presentaron la *Reconvención* a los fines de mantener a Oriental en los pleitos sin razón alguna y, encareciendo los costos del litigio.

Aún inconforme, el 3 de mayo de 2024, los apelantes presentaron el recurso de epígrafe y formularon los siguientes señalamientos de error:

> Erró el TPI al declarar ha lugar la consignación de los fondos pues carecía de jurisdicción por falta de parte indispensable.
>
> Erró el TPI al determinar que se dan los elementos requeridos para que procediera la consignación en el presente caso y desestimar

---

[16] *Moción en Solicitud de Reconsideración*, Anejo XVI, págs. 722-730 del apéndice del recurso.
[17] *Oposición a Moción en Solicitud de Reconsideración*, Anejo XVII, págs. 731-736 del apéndice del recurso.

la reconvención presentada por los peticionarios.

Erró el TPI al imponer sanciones a los peticionarios por temeridad.

El 3 de junio de 2024, Oriental presentó su *Alegato en Oposición*. Con el beneficio de la comparecencia de ambas partes, procedeos a resolver los asuntos ante nuestra consideración. *Veamos*.

**II.**

**-A-**

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, regula el mecanismo de acumulación de una parte indispensable. *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499, 510 (2015). Dicha regla dispone que son partes indispensables aquellas "personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia". Regla 16.1 de Procedimiento Civil, *supra*. El propósito de acumular una parte indispensable es proteger a la parte que no está presente en el pleito de los efectos perjudiciales que pudiera tener una sentencia en su contra y evitar la multiplicidad de pleitos. *Íd.; Romero v. SLG Reyes*, 164 DPR 721, 733 (2005).

Al momento de determinar si la presencia de una parte es indispensable, el tribunal debe evaluar si podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente. En ese sentido, lo que se busca proteger son los intereses de quien no ha sido traído al litigio y que, de dejarse fuera, no tendría oportunidad alguna de defenderlos. *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 677 (2012).

El interés común al que se refiere la Regla 16.1 de Procedimiento Civil, *supra*, no es el de un mero interés

en la controversia, sino aquel de tal orden que impida la confección de un derecho adecuado, sin afectarle. *García Colón v. Sucn. González*, *supra*, a la pág. 549.

En cuanto a la frase "sin cuya presencia no pueda adjudicarse la controversia", nuestro más Alto Foro ha expresado lo siguiente:

> [E]xcepto en aquellas circunstancias en las que la adjudicación sin la persona ausente tendría un efecto perjudicial sobre el interés real e inmediato que esta tiene en el pleito, en raras ocasiones será imposible resolver la controversia sin su presencia.

*Delíz et als. v. Igartúa et als.*, 158 DPR 403, 433-434 (2003).

Para determinar si la presencia de una parte es indispensable, nuestro Tribunal Supremo ha señalado que tal evaluación requiere un enfoque práctico, a la luz de las circunstancias particulares de cada caso. *Delíz et als. v. Igartúa et als.*, 158 DPR 403, 433-434 (2003). Es decir, que el análisis exige una evaluación de los siguientes factores:

> [E]l tiempo, el lugar, las alegaciones, la prueba y las clases de derechos e intereses en conflicto. Es por ello que los tribunales tienen que hacer un análisis juicioso que incluya la determinación de los derechos del ausente y las consecuencias de no unirlo como parte en el procedimiento.

*Colón Negrón et al. v. Mun. Bayamón*, *supra*, págs. 512-513.

-**B**-

La consignación es una de las formas de pago reconocida en nuestro ordenamiento jurídico. Esta se define como el depósito judicial de la cosa debida. *TOLIC* v. *Rodríguez Febles*, 170 DPR 804, 818-819 (2007). Citando a J. Vélez Torres, *Derecho de Obligaciones*, 2da ed. rev. San Juan, Programa de Educación Continua, Universidad Interamericana, 1997, pág. 186.

Particularmente, el Art. 1131 del Código Civil de Puerto Rico de 2020, 31 LPRA 9181, dispone que:

> El deudor queda liberado de responsabilidad mediante la consignación o la oferta de la prestación debida en cualquiera de estos casos:
>
> (a) si el acreedor a quien se hace el ofrecimiento de pago se niega, sin razón, a admitirlo;
>
> (b) si el acreedor está ausente o incapacitado para recibir el pago;
>
> (c) si varias personas pretenden tener derecho a cobrar; o
>
> (d) si se ha extraviado el título de la obligación.

Cuando lo que se consigna es dinero, se deposita en la cuenta del tribunal, ante quien se deberá acreditar el depósito. 31 LPRA sec. 9183. Ahora bien, una vez realizada la consignación, para que se libere al deudor deben concurrir los siguientes requisitos: (a) debe ser previamente anunciada a las personas interesadas en el cumplimiento de la obligación; (b) debe ajustarse estrictamente a los requisitos del pago; y (c) debe hacerse mediante el depósito de lo debido. 31 LPRA 9182. La figura de la consignación judicial procura brindar a un deudor un mecanismo mediante el cual pueda liberarse de su obligación. *ASR* v. *Proc. Rel. Familia*, 196 DPR 944, 950 (2016). De esta manera, la consignación supone una forma de pago que le permite al deudor solicitar a un tribunal que ordene la cancelación de la obligación. *Íd.* Sin embargo, la liberación formal del deudor depende de que el tribunal determine que la consignación está bien hecha. *TOLIC* v. *Rodríguez Febles*, 170 DPR 804 (2007). Mientras el acreedor no haya aceptado la consignación o no haya recaído una declaración judicial de que está bien hecha, la obligación podrá subsistir si

el deudor retira la cuantía consignada. *ASR* v. *Proc. Rel. Familia*, 196 DPR, pág. 950. La determinación judicial lo que hace "es declarar que la consignación está bien hecha, reconociéndole los efectos liberatorios que perseguía el deudor desde que depósito la cosa, por lo tanto, debe surtir efecto desde ese momento". *TOLIC* v. *Rodríguez Febles*, 170 DPR, pág. 818.

En fin, la consignación libera al deudor en dos instancias: (1) mediante la aceptación de la cuantía consignada por parte del acreedor, o (2) por vía de una declaración judicial a los efectos de que la consignación se realizó conforme a derecho. *ASR* v. *Proc. Rel. Familia*, 196 DPR, pág. 950. Una vez se declara que la consignación se hizo conforme a derecho, la posesión física del dinero pasa a manos del Tribunal.

-C-

El remedio disponible como sanción por el uso indebido de los procedimientos legales será la imposición de costas y honorarios de abogado por temeridad, cuando procedan. *Giménez Álvarez v. Silén Maldonado*, 131 DPR 91, 97 (1992). Es norma en nuestra jurisdicción que incurre en temeridad aquella parte que "con terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito." *Torres Montalvo v. Gobernador ELA*, 194 DPR 760, 778 (2016); *SLG Flores-Jiménez v. Colberg*, 173 DPR 843, 866 (2008).

Así pues, los honorarios por temeridad buscan "disuadir la litigación innecesaria y alentar las transacciones, mediante la imposición de sanciones a la parte temeraria, que compensen los perjuicios económicos

y las molestias sufridas por la otra parte." *Torres Ortiz v. ELA*, supra. La imposición de honorarios de abogado por temeridad es una facultad discrecional del tribunal que no será variada a menos que la misma constituya un abuso de discreción, o cuando la cuantía sea excesiva o exigua. Véase, *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010); *Monteagudo Pérez v. ELA,* 172 DPR 12, 31 (2007). Ahora bien, una vez el tribunal determina que la parte incurrió en dicha conducta, está obligado a conceder los honorarios a favor de la parte prevaleciente. *Meléndez Vega v. El Vocero de PR,* 189 DPR 123 (2013).

## III.

En su recurso, los apelantes alegan que el foro primario erró al declarar ha lugar la consignación de los fondos pues carecía de jurisdicción por falta de parte indispensable. De otra parte, argumentan que el foro primario erró al determinar que se dan los elementos requeridos para que procediera la consignación en el caso de epígrafe y desestimar la reconvención presentada. Por último, plantean que el foro primario erró al imponerles sanciones por temeridad. *Veamos.*

En cuanto al primer señalamiento de error, recalcamos que, según el Tribunal Supremo de Puerto Rico, para determinar si alguien es parte indispensable, el Tribunal debe evaluar si es posible hacer justicia y conceder un remedio final y completo, sin afectar los intereses del ausente. Dicho lo anterior, el expediente ante nuestra consideración refleja que, previo a consolidar el caso de epígrafe SJ2022CV06221 con el caso SJ2022CV02075, el 25 de enero de 2023, Oriental Bank presentó una *Demanda Enmendada de Interpleader* y una

*Moción en Solicitud de Expedición de Emplazamientos* a los fines de incluir en el pleito al Sr. Antonio Berta Hernández Hernández, al Sr. Carlos Hernández, al Sr. Esteban Barrera, al Sr. Julio Rodríguez, a Javier Hernández Trust y la Sucesión del Sr. Francisco Palacio.

Sin embargo, el 30 de enero de 2023, el foro primario notificó una *Orden* en la cual declaró *No Ha Lugar* a la *Demanda Enmendada*. Además, hizo referencia a la *Orden* del 6 de diciembre de 2022 y la *Orden* del 27 de enero de 2023. Particularmente, el foro primario dispuso que:

> Nada que disponer. Véase Orden de 6 de diciembre de 2022. Está obligando a este Tribunal a doblar esfuerzos. En el caso SJ2022CV02075 se está atendiendo la situación que aquí plantea el demandante.

Cabe precisar que, de las órdenes del 6 de diciembre de 2022 y 27 de enero de 2023, los apelantes no solicitaron reconsideración. Tampoco presentaron enmiendas a la *Demanda* de epígrafe para incluir partes indispensables. Nótese que, no es hasta el 8 de marzo de 2024, cuando presentaron la *Moción en Solicitud de Reconsideración* de la *Sentencia Parcial*, que esbozaron falta de parte indispensable. No obstante, no especificaron quienes eran partes indispensables, ni la forma en que se les iban a afectar los derechos a dichas partes. Adicionalmente, en el recurso de epígrafe, los apelantes identificaron a las presuntas partes indispensables. Sin embargo, no expusieron cuáles eran los intereses específicos de dichas partes y, cómo sus intereses se verían afectados.

Por otra parte, es meritorio señalar que al consolidar el caso SJ2022CV06221 con el caso SJ2022CV02075 y el caso SJ2023CV04301, ya se encontraban

incluidos todos los presuntos accionistas de Refricentro defendiendo sus respectivas causas de acción. Entiéndase que, la consolidación que se llevó a cabo previo a emitir la *Sentencia Parcial* apelada unió a todas las partes y asuntos litigiosos en el pleito. Así pues, al dictar *Sentencia Parcial* colegimos que el foro primario contaba con la presencia de todas las partes indispensables. Por lo anterior, determinamos que el primer señalamiento de error no se cometió.

En cuanto al segundo señalamiento de error, los apelantes plantean que el foro primario erró al determinar que se cumplía con los requisitos para que procediera la consignación de los fondos y, consecuentemente, desestimar la reconvención. Según el derecho previamente expuesto, entre las causas que dispone el Código Civil para que el deudor sea exonerado de su responsabilidad mediante la consignación de los fondos es cuando varias personas pretenden tener derecho a cobrar. 31 LPRA 9181.

Ahora bien, una vez realizada la consignación, para que se libere al deudor deben concurrir los siguientes requisitos: (a) debe ser previamente anunciada a las personas interesadas en el cumplimiento de la obligación; (b) debe ajustarse estrictamente a los requisitos del pago; y (c) debe hacerse mediante el depósito de lo debido. 31 LPRA 9182.

Surge del expediente ante nuestra consideración que, el 14 de julio de 2022, Oriental presentó una *Demanda de Interpleader* toda vez que existía controversia con relación a quiénes eran los miembros de la Junta de Directores de Refricentro y, quienes tenían derecho a utilizar los fondos depositados en la cuenta

núm. 114003672. Ante este escenario, solicitó al foro primario que aceptara la consignación de dichos fondos.

Tras varios trámites procesales, el 17 de julio de 2023, Oriental presentó una *Moción sobre Consignación y Solicitud de Desestimación de Reconvención* en la cual adujo que no existía una determinación con relación a quiénes estaban autorizados a retirar fondos y llevar a cabo transacciones en la cuenta. Por tal motivo, reiteró que se aceptara la consignación y liberara a Oriental de responsabilidad. En desacuerdo, el 28 de agosto de 2023, los apelantes presentaron su *Moción en Oposición a Aceptación de Consignación y en Oposición a Desestimación de Reconvención*. En esencia, esbozaron que se mantenían como oficiales encargados del manejo de Refricentro, por lo que no procedía la consignación de los fondos.

Así las cosas, el foro primario declaró *Ha Lugar Moción Sobre Consignación y Solicitud de Desestimación de Reconvención* que presentó Oriental. Asimismo, aceptó la consignación realizada por este. Cónsono con lo anterior, liberó a Oriental de toda obligación respecto a los fondos consignados.

Recalcamos que, Oriental utilizó el mecanismo que provee nuestro ordenamiento jurídico para consignar los fondos, toda vez que existían varias personas que pretendían tener derecho a manejar los fondos de Refricentro. Es decir, Oriental, oportunamente presentó su *Moción sobre Consignación y Solicitud de Desestimación de Reconvención* ya que no existía una determinación con relación a quiénes estaban autorizados a retirar fondos y llevar a cabo transacciones en la cuenta. En virtud de lo anterior, el Tribunal determinó

que la consignación fue bien hecha, por lo que es forzoso concluir que procedía liberar al deudor.

De igual forma, colegimos que Oriental cumplió con los requisitos dispuestos en nuestro Código Civil para ser liberado. Entiéndase, Oriental anunció a los apelantes que estaba interesado en el cumplimiento de la obligación mediante la *Moción sobre Consignación y Solicitud de Desestimación de Reconvención*. No obstante, existía controversia respecto a quiénes podían realizar transacciones en la cuenta. Además, Oriental consignó la totalidad de la cuenta núm. 114003672 ante el foro primario. Por todo lo anterior, resolvemos que el foro primario actuó correctamente al permitir la consignación de dichos fondos, hasta tanto se determine quiénes son los directores de Refricentro.

De otra parte, los apelantes plantean que, según la *Resolución* del 31 de mayo de 2022, dictada por el foro primario en el caso SJ2022CV02075 y, la denegatoria del recurso de *Certiorari* por este foro apelativo, alfanumérico KLCE202200675, eran los oficiales a cargo de Refricentro, así como de sus cuentas bancarias.

Tras un análisis minucioso del expediente ante nuestra consideración, surge que mediante la *Resolución* que se notificó el 31 de mayo de 2022, el foro primario expresó que existía una controversia sobre quiénes podían ser los representantes de Refricentro. Aclaró que, dicha controversia se encontraba en otra sala civil ordinaria, *Refricentro, Inc. v. Pedro Arvesú Gasset*, alfanumérico SJ2021CV07318. En virtud de lo anterior, el Tribunal concluyó que procedía que el caso continuase mediante la vía ordinaria y, que no podía ordenar a Refricentro a proveer acceso a los libros, toda vez que

dicho acceso se presentaba por un accionista contra la corporación. Por todo lo anterior, entendió que la solicitud era prematura. El 27 de junio de 2022, la Sucesión Arvesú Gasset acudió ante nos mediante una *Petición de Certiorari*, alfanumérico KLCE202200675 e impugnó la *Resolución* notificada el 31 de mayo de 2022. Así las cosas, el 30 de junio de 2022, este foro apelativo denegó dicho recurso.

Conforme lo anterior, es incorrecto el argumento de los apelantes toda vez que, en la *Resolución* del 31 de mayo de 2022, el foro primario claramente expresó que existía un pleito en el cual se ventilaba quienes eran los miembros de la Junta de Directores de Refricentro. Por tanto, no le asiste la razón a los apelantes al plantear que lograron establecer que eran los accionistas de Refricentro. Por todo lo anterior, colegimos que el segundo señalamiento de error no se cometió.

Por último, en cuanto al tercer señalamiento de error, los apelantes arguyen que el foro primario erró al imponerles sanciones por temeridad. Sostienen que fue Oriental quien incumplió reiteradamente con las órdenes del Tribunal al presentar sus escritos de forma tardía. Asimismo, señalaron que Oriental nunca solicitó la imposición de honorarios por temeridad. Por tanto, razonó que la cuantía de $10,000.00 no fue justificada.

El remedio disponible como sanción por el uso indebido de los procedimientos legales será la imposición de costas y honorarios de abogado por temeridad, cuando procedan. *Giménez Álvarez v. Silén Maldonado*, supra. Incurre en temeridad aquella parte que "con terquedad, obstinación, contumacia e

insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito." *Torres Montalvo v. Gobernador ELA*, supra. Asimismo, se ha establecido que la imposición de honorarios de abogado por temeridad es una facultad discrecional del tribunal que no será variada a menos que la misma constituya un abuso de discreción.

Al evaluar el expediente en autos, no encontramos que lo afirmado por los apelantes se sostenga. Cabe apuntar que, la obstinación injustificada de los apelantes a la *Demanda* de epígrafe, unido a la presentación de la *Reconvención* a los fines mantener a Oriental en el pleito y solicitarle daños, constituye un acto temerario que encareció los costos del litigio. A tenor con lo anterior, concluimos que los apelantes no establecieron que el Tribunal de Primera Instancia haya incurrido en algún abuso craso de discreción por lo que no procede nuestra intervención en torno a la determinación emitida por el foro primario. Por todo lo anterior, entendemos que el tercer señalamiento de error no se cometió.

## IV.

Por los fundamentos antes expuestos, se **CONFIRMA** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones